IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MORGAN LITTLETON,<br><br>　　　　　Defendant. | Case No. 14-00168-01-CR-W-GAF |

**GOVERNMENT'S SENTENCING MEMORANDUM AND REQUEST FOR MANDATORY RESTITUTION PURSUANT TO 18 U.S.C. § 2559**

COMES NOW, the United States of America, by Tammy Dickinson, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and respectfully submits this Sentencing Memorandum in support of its recommendation of a sentence of 60 years (720 months) imprisonment for the defendant followed by a life term of Supervised Release. In addition, the Government respectfully moves this Court for an Order of Restitution, as part of the Judgment and Sentence, compelling the defendant to pay $5,350 in restitution to the victim of the crimes.

The Government offers the Court the following Background, Points, Authorities and Arguments for its consideration of the Government's sentencing recommendation.

### I. Background

#### A. The Charges and the Plea

On June 11, 2014, the Grand Jury returned an indictment charging the defendant with four counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) & (e). On January 5, 2015, the defendant pled guilty pursuant to a written plea agreement to Counts 1 and 2 of the indictment.

As set out and agreed to in the written plea agreement, on April 29, 2013, the Independence Missouri Police Department responded to a call related to a domestic assault that had occurred at 16909 E. Cogan Road in Independence, Missouri. Two women reported that they were involved in a polygamous BDSM relationship with the defendant, whom they referred to as "Master."

When law enforcement officers responded to the domestic violence call they were notified that the defendant was also sexually abusing the 12 year old victim. The 12 year old victim was transported to a local hospital where she disclosed to medical personnel that the defendant had placed his finger in her vagina and anus, had performed oral sex on her, that she was required to perform oral sex on him, and that the defendant also had anal sex with her.

Law enforcement officers responded to 16909 E. Cogan Road, placed the defendant under arrest, and transported the defendant to the Independence Police Department. A state search warrant was obtained for the residence. Computers, cameras, and digital media were recovered from the residence. Law enforcement officials reviewed the electronic evidence seized during the execution of the search warrant and located 12 video segments on a blue SanDisk 8GB SDHC memory card. The defendant and the victim were clearly identifiable in the videos. The videos depicted the defendant penetrating the victim's vagina and anus with his fingers and penis, using the victim for oral sex, and also depicted the defendant ejaculating on the victim. In some of the videos the victim told him it hurt when he penetrated her, but the defendant continued to sexually abuse the victim. When questioned, the defendant denied he had sexually abused the minor victim.

During a forensic interview the victim stated that the defendant had molested her since November 2012. She stated he sucked on and fondled her breasts, rubbed the inside and outside

of her vagina, rubbed his penis until he ejaculated on her chest and sometimes in her hair, and would spit on his hand and then wipe his penis before anally penetrating her. When she told him it hurt he told her to "deal with it." He also promised her food if, or would not allow her to see her friends unless, she would "suck his dick." (See generally PSR ¶¶ 3-25.)

B. **The Presentence Investigation Report and the Guideline Calculations**

A Presentence Investigation Report ("PSR") was ordered, which calculated a final offense level of 43 which includes an adjustment for acceptance of responsibility. (PSR ¶¶ 54, 52-53.)[1] An adjusted offense level of 43 is the highest offense level set out in the U.S.S.G. Sentencing Table, and this offense level, combined with the defendant's Criminal History category of II (PSR ¶ 60), result in a Guideline sentence of life imprisonment. However, since each of the counts of conviction carries a maximum statutory sentence of less than life (i.e., 30 years), the Guideline range is 720 months (or 2 x 30 years), pursuant to U.S.S.G. § 5G1.2(b). (PSR ¶ 86.) The defendant has not filed any objection to this calculation. (*See* Addendum to the Presentence Report PSR, p.19.)

II. **Points, Authorities and Arguments for Sentencing Considerations**

A. **The Final Guideline Calculation**

Each of the counts of conviction carries a statutory range of 15-30 years. The Government's sentencing recommendation is for a term of 60 years imprisonment followed by a life term of supervised release.[2] The Government does not make this recommendation lightly. On the contrary, the Government feels compelled to make this recommendation because the defendant is still a relatively young man who has proven he is unwilling or unable to live as a

---

[1] Although the defendant's offense level was actually in excess of 43 pursuant to Chapter 5, Part A, comment n.2, the offense level is treated as 43.
[2] This sentence would be achieved by sentencing the defendant to consecutive terms of 30 years on each of the two counts of conviction.

3

productive member of society. In addition, based on the defendant's criminal conduct in this case, the Government asserts that any child who comes into contact with the defendant in the future will be at risk. A sentence of 60 years (720 months) is one which, for the reasons set out below, the defendant justly deserves. In addition, should the defendant be released from confinement, the Government is recommending that he remain on Supervised Release for the remainder of his life.

### B. 18 U.S.C. § 3553(a) Factors

#### (1) The Nature and Circumstances of the Offenses and the History and Characteristics of the Defendant

The defendant's offenses reflect the serial sexual exploitation of a 12 year old child. The exploitation was calculated, done for the purpose of satisfying the defendant's sexual desire, and the exploitation occurred over a period of months.

The defendant, as the "Master" in the home he shared with three women, used his position as "Master" to gain complete control over the victim. The nature and circumstances of the offenses reflect a pattern of activity which was deliberate, assaultive, and chronic and demonstrates the defendant is worthy of a lengthy term of imprisonment.

The number of recordings recovered in this case and the number of sexually exploitive acts that take place on those recordings not only reflect the defendant's criminal sexual obsession with the 12 year old victim, but also reflect the defendant's control over the victim.

As set out in the PSR, the defendant has had prior contact with law enforcement and the criminal justice system. (PSR ¶¶ 58-65.) Although the defendant's criminal history does not contain any significant sentences or terms of imprisonment, it does reflect the defendant's inability to conform his conduct to the requirements of the law, and paints a picture of someone who is assaultive and is willing to harm and exploit others.

4

The defendant has not contributed to society in any meaningful way but instead exploits others to maintain his lifestyle. There is no verification the defendant, a 33 year old man, has obtained a high school equivalency diploma and the defendant has not availed himself of any formal education or training in order to better his circumstances. (PSR ¶¶ 76-79.) The defendant has not been employed in any capacity since 2010 (PSR ¶ 80), and was fired from the last job he had for drug use. (PSR ¶ 81.)

The defendant has fathered three children who he does not have contact with and whom he does not support in any manner. (PSR ¶ 70.) The defendant admitted that up until his arrest he regularly used illegal substances. (PSR ¶ 74.) At the time of the offenses the defendant was in a BDSM relationship with three women, two of which reported that the defendant assaulted them. (PSR ¶¶ 4, 7.)

What we know from the defendant's history is that he is not willing to financially support himself or his biological children, he is not willing to respect others and uses assaultive behavior to obtain what he wants, and ultimately the defendant has no respect for the criminal justice system nor any societal structure put in place to protect others. In the defendant's adult life he has displayed an unwillingness to even marginally respect others, suggesting that only a lengthy term of incarceration will protect the public. The nature and circumstances of the offense, and the history and characteristics of the defendant demonstrate that he is a danger to the public and more particularly a danger to young girls.

**(2) The Need for the Sentence Imposed to –**

    **(A) Reflect Seriousness of the Offense, Provide Just Punishment, and Promote Respect for the Law**

A sentence of 60 years, the defendant's un-objected to Guideline sentence, is what is needed to reflect the seriousness of the offenses and all of the attendant relevant conduct by the

defendant which is known to the Court and set out in the PSR. The Guidelines appropriately recognize the seriousness of the harm perpetrated and the sentence is within the statutory range. This sentence is a just sentence that will command respect for the law.

### (B) Promote Adequate Deterrence

To the extent that pedophiles like the defendant pay attention to sentences in the criminal justice system, the specter of the imposition of the requested 60 year sentence for the serial exploitation of a 12 year old child should act as a deterrent to others contemplating similar conduct.

### (C) Protect the Public from Further Crimes of the Defendant

The defendant voluntarily chose to live a BDSM lifestyle and sought out other adults he could dominate. Whether or not the women he lived with were voluntarily subjecting themselves to his assaultive behavior is outside the reach of this prosecution. What is pertinent to this prosecution is that the defendant used his position as "Master" to abuse a 12 year old child who was not in a position to protect herself.

The defendant is a danger to society because he has proven he is willing to harm others and take from others to obtain what he wants. It is clear from the PSR and the facts in this case, the defendant believes he is in control of others, and that others are only useful to serve his desires, even a 12 year old child. The only protection which can assure the safety of the public is a lengthy term of incarceration.

Past behavior is a reliable indicator of future action. The defendant's past behavior coupled with his present crimes compels the Government to ask for a 60 year sentence.

6

### (D) Provide Training, Medical Care and Treatment to the Defendant

The Bureau of Prisons is able to provide sex offender treatment and options for training if the defendant wants to avail himself of the same. It is clear the defendant, a sex offender, should obtain treatment and it appears from the information contained in the PSR that he was not willing to seek out that treatment on his own volition in the community.

### (3) Avoid Sentencing Disparity

There is no danger that a 60-year sentence for this defendant under the facts of this case would create any sentencing disparity. In fact, the 8th Circuit has previously concluded when determining whether a sentence of 9000 months or 750 years was reasonable that "[a]fter considering the relevant factors, the district court determined life was an appropriate sentence. The court explained, since each statute under which [defendant] was convicted contained a statutory maximum, it imposed consecutive maximum sentences on all counts to ensure [defendant] served a term of lifetime imprisonment. *United States v. Betcher*, 534 F.3d 820 (8th Cir. 2008). Similarly in this case the advisory Sentencing Guidelines recommended a life term of imprisonment, therefore 60 years is a reasonable, appropriate sentence.

In *United States v. Demeyer*, 665 F.3d 1374 (8th Cir. 2012), the 8th Circuit in affirming a 120 year sentence imposed by the district court stated the "advisory guidelines range for [defendant's] offenses was life in prison. Describing the horrendous abuse of [defendant's] daughter as 'child pornography at its worst and at it most hurtful,' the district court determined that the recommended guidelines sentence was appropriate. Because the statutory maximum sentence for each count of conviction was thirty years in prison, the court sentenced [defendant] to four consecutive thirty-year prison terms, to be concurrent with the undischarged portion of

7

the forty-year rape sentence" the defendant was serving related to his prosecution at the State level.

### III. Restitution

An order of restitution is required by statute in this case. The defendant plead guilty to Counts One and Two, charging violations of 18 U.S.C. § 2251(a), which require mandatory restitution pursuant to 18 U.S.C. § 2259.

Section 2259, Title 18, of the United States Code provides:

(a) **In General**.– Notwithstanding § 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.

(b) **Scope and Nature of Order**

(1) **Directions**.– The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph 2.

(2) **Enforcement**.– An order of restitution under this section shall be issued and enforced in accordance with § 3664 in the same manner as an order under § 3663A.

(3) **Definition**.– For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for –

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorney's fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.

> **(4) Order Mandatory**
>
> (A) The issuance of a restitution order under this section is mandatory.
>
> (B) A court may not decline to issue an order under this section because of – (i) the economic circumstances of the defendant; or (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.
>
> (c) Definition - For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as a suitable by the court...

As set out in the plea agreement, the defendant acknowledged and agreed that "pursuant to 18 U.S.C. § 2259, if an identified victim makes a claim for restitution the Court is required to order restitution for the victim's compensable losses as may be proved by the United States or stipulated to by the parties." (Doc. 24, ¶ 5.)

The victim has provided documentation for medical services relating to physical and psychological care and this supporting documentation has been provided to the defendant. Medical services is clearly compensable losses that the defendant is required to pay pursuant to 18 U.S.C. § 2259(b)(1)(A). The documentation provided by the victim includes expenses for both past physical and psychological care, and projected costs for future psychological care.

Based on the above, the Government is asking for the Court to order that the defendant pay $5,350. This amount is a nominal amount compared to the extent of harm caused by the defendant.

### III. Conclusion

The defendant sexually abused and exploited a 12 year child who lived in a home in which he was the "Master." The defendant's lifestyle choice contributed to the harm inflicted on the child, in that the victim was subjected to an adult who controlled every aspect of her existence and used that control to violate, demeaned, degraded the child. It is with the safety of the public in mind that the Government asserts a sentence of 60 years is appropriate for the level of harm caused in this case.

        Respectfully submitted,

        Tammy Dickinson
        United States Attorney

By    */s/ Teresa A. Moore*

        Teresa A. Moore #40813
        Assistant United States Attorney

        Charles Evans Whittaker Courthouse
        400 E. 9th Street, 5th Floor
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 5, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

        */s/ Teresa A. Moore*

        Teresa A. Moore
        Assistant United States Attorney